IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER YANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-09-597-C |
| ) | |
| TIMOTHY THOMAS and TAMMY ) | |
| THOMAS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint pursuant to 25 U.S.C. § 1914 requesting that the Court review and invalidate prior decisions of Oklahoma state courts in connection with the adoption of his minor child.[1]  Defendants filed a Motion to Dismiss, arguing that Younger abstention is appropriate in this case.

### BACKGROUND

Plaintiff is a member of the Muscogee (Creek) Indian Nation of Oklahoma. He is the father of Baby Boy L., who was born out of wedlock on October 4, 2002. In July 2002, the mother, who is not of Indian descent, decided to place the baby for adoption. Shortly after the birth, the Prospective Adoptive Parents took the child to Missouri, where he has since resided. On October 10, 2002, the mother relinquished her parental rights in Oklahoma County. On December 26, 2002, an adoption petition was filed in Cleveland County. The Plaintiff's parental rights were terminated and he appealed to the Oklahoma Supreme Court,

---

[1] Plaintiff previously filed a similar complaint against the Honorable Stephen Bonner, the judge presiding over the adoption proceedings. (See CIV-08-539-C.) The Court abstained from considering Plaintiff's prior Complaint because the adoption proceedings were still pending.

claiming that the trial court erred in holding that the Indian Child Welfare Act, 25 U.S.C. §§ 1901 *et seq.* ("the Act"), did not apply. The Supreme Court agreed, reversing the termination of the Plaintiff's parental rights.

The Prospective Adoptive Parents then filed a new application to terminate the Plaintiff's parental rights. In February 2006, the trial court determined that the Act applied but that there was good cause to avoid the placement preferences of that Act, leaving the child in the custody of the Prospective Adoptive Parents. In January 2008, the Plaintiff filed a motion to transfer the case to Tribal Court. In February 2008, this motion was denied and the trial court issued an order finding that Plaintiff's consent to the adoption was unnecessary.[2] The Oklahoma Court of Civil Appeals affirmed the trial court's order, and the Oklahoma Supreme Court declined to consider Plaintiff's appeal. The adoption proceeding is still pending.

## DISCUSSION

It is well established that abstention is only proper in a small minority of cases. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989). Congress defines the extent of federal judicial jurisdiction,[3] and "[w]hen a Federal court is

---

[2] In the Court's prior Order in CIV-08-539-C, the Court stated that Plaintiff's parental rights had been terminated in February 2008. However, in its September 18, 2008, Order, the Oklahoma Court of Civil Appeals (OCCA) clearly stated that the only issue determined by the trial court in February 2008 was whether Plaintiff's consent was required for the adoption to take place. Although the OCCA noted that such a finding may be synonymous with a termination of parental rights, the court expressly stated that the trial court would hold a later hearing to determine Plaintiff's parental rights.

[3] U.S. Const. art. III, § 1; Kline v. Burke Constr. Co., 260 U.S. 226, 233-34 (1922) (noting that Congress "may give, withhold or restrict such jurisdiction at its discretion, provided it be not

properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." Willcox v. Consol. Gas Co. of N.Y., 212 U.S. 19, 40 (1909). There are certain narrow situations, however, in which federal courts should abstain from exercising jurisdiction.[4]

In Younger v. Harris, the Court held that a federal court could not enjoin an ongoing state criminal prosecution except under special circumstances. Id., 401 U.S. at 41. The basis for this decision was the longstanding belief that federal courts should not interfere with state court proceedings. Id. at 43. While this doctrine was initially limited to state criminal prosecutions, Huffman v. Pursue, Ltd. expanded it to encompass civil proceedings bearing a close resemblance to criminal prosecutions.[5] The doctrine was further expanded in Middlesex County Ethics Comm. v. Garden State Bar Ass'n to apply to state civil proceedings where important state interests were involved. 457 U.S. 423, 432 (1982). There, the Court set forth a three-part test to determine whether abstention is appropriate: (1) do the proceedings constitute ongoing state judicial proceedings; (2) are important state

---

extended beyond the boundaries fixed by the Constitution").

[4] Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Younger v. Harris, 401 U.S. 37 (1971); Burford v. Sun Oil Co., 319 U.S. 315 (1943); R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941).

[5] 420 U.S. 592, 603 (1975) (noting that the State was a party to the proceeding and the proceeding was "both in aid of and closely related to criminal statutes").

interests implicated in the proceedings;[6] and (3) is there a sufficient opportunity to raise federal constitutional claims in the state court proceedings. Id.

Application of the Middlesex test to the facts of this case indicates that abstention is still appropriate in this instance. The adoption proceeding filed in the state district court is still pending and, although the State is not a party, it constitutes a state judicial proceeding so long as an important state interest is implicated. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-11 (1987); Morrow v. Winslow, 94 F.3d 1386, 1396-97 (10th Cir. 1996). Family relations issues have traditionally been left to the states. Moore v. Sims, 442 U.S. 415, 435 (1979); Morrow, 94 F.3d at 1393. In fact, the Tenth Circuit noted in Morrow that "adoption and child custody proceedings are an especially delicate subject of state policy." Id. Based on this precedent, the State here has an important interest in the adoption proceedings currently pending in state court.

Finally, Plaintiff has a sufficient opportunity to raise his federal claims within the context of the state court proceeding. This prong requires Plaintiff to demonstrate that state procedural law clearly bars him from raising these claims in the state proceeding. Pennzoil, 481 U.S. at 14; Moore, 442 U.S. at 432. Plaintiff here has provided no such evidence, and

---

[6] The Plaintiff argues that Younger abstention is only appropriate when the state proceeding is criminal in nature or bears a close relationship to a criminal proceeding. (Dkt. No. 15). The Plaintiff appears to believe this follows from the language in Middlesex indicating that "[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature." 457 U.S. at 432. However, this Court reads that language, not as a limitation, but rather to indicate one possible basis for finding an important state interest.

therefore, the Court finds that Plaintiff has an adequate opportunity to raise his federal claims in the current state court proceedings.

It appears, then, that the <u>Middlesex</u> rule counsels abstention in this case unless an exception applies. The <u>Younger</u> doctrine does not apply when "the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional provisions.'" <u>Huffman</u>, 420 U.S. at 611. The Supreme Court also recognized that abstention is not appropriate when the state court is unable to fully or fairly adjudicate the federal issues because of "extraordinary circumstances." <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975). These are very narrow exceptions, and do not often require federal courts to hear cases when they would otherwise abstain. <u>Huffman</u>, 420 U.S. at 1212; 17B Charles Alan Wright, et al., <u>Federal Practice and Procedure: Jurisdiction</u> § 4255 (3d ed. 2007).

There is no indication that the state proceeding in this case is motivated by a desire to harass or that it is conducted in bad faith. Additionally, Plaintiff is challenging the state court's application of the federal Indian Child Welfare Act, and there is no allegation that this statute is "flagrantly and patently violative of express constitutional provisions," so the second exception to <u>Younger</u> does not apply. Finally, this Court determines that there are not extraordinary circumstances in this case to justify permitting Plaintiff to litigate these issues in federal court. In a child custody dispute dealing with issues of child abuse, the Supreme Court found there were not extraordinary circumstances and that <u>Younger</u> abstention was required. <u>Moore</u>, 442 U.S. at 434. The circumstances of this case are not so

extraordinary that the state court is unable to fully and fairly adjudicate the federal issues, so this exception does not apply.

As in the prior proceedings before this Court, Plaintiff further argues that 25 U.S.C. § 1914 authorizes independent federal review of state court decisions regarding the Indian Child Welfare Act and that abstention is therefore not required in this case. The Tenth Circuit dealt with this very issue in Morrow, 94 F.3d 1386. There, the Circuit looked back to the purposes of the Act, noting the importance of protecting the rights of Indian children and tribes. Id. at 1394. While the Court recognized that the Act established minimum federal standards that states must follow when making custody decisions regarding Indian children, there was no indication that the statute was intended to permit federal interference with pending state court adoption proceedings. Id. at 1395. In fact, the Court decided that "if federal court intervention was allowed it could result in numerous delays as multiple, piecemeal federal litigation worked its way through the federal courts." Id. at 1396. The Court ultimately held that abstention was required under Younger, and this Court is bound by that decision.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 8) is GRANTED. Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 16th day of November, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge